# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**RONALD PHILLIPS,**<br><br>                    **Debtor** | Chapter 7<br>Case No. 09-10650-FJB |

### MEMORANDUM OF DECISION ON
### MOTION OF ROSEANNE PHILLIPS FOR ORDER
### THAT AUTOMATIC STAY IS INAPPLICABLE OR,
### IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

Roseanne Phillips ("Roseanne"), former wife of the chapter 7 debtor, Ronald Phillips ("Ronald"), is entitled to payment from Ronald under two orders of the Massachusetts Probate and Family Court. Both orders were issued in conjunction with the parties' 1989 divorce judgment and related Marital Separation Agreement. The first, known as the Modification Judgment and entered by agreement of the parties in 2004, extended the deadline in the Separation Agreement for Ronald to pay $250,000 to Roseanne from the original date in 2004 to November 10, 2009, and it further required Ronald to make weekly payments to Roseanne until the $250,000 was paid in full; the Modification Judgment characterized these obligations (both the $250,000 lump sum payment and the interim weekly payments) as alimony. The second order, known as the Contempt Judgment and entered on December 18, 2008, required Ronald to pay an arrearage of $21,210 due under the Modification Judgment, plus attorney's fees of $3,625, on or before January 30, 2009; the Contempt Judgment characterized the arrearage at issue as alimony. On January 29, 2009, Ronald filed a chapter 7 petition, thereby commencing this case and obtaining the protection of the automatic stay.

By the motion before the court, Roseanne seeks (i) a declaration that her enforcement of the Modification and Contempt Judgments against Ronald, but not against assets of his bankruptcy estate, falls within the scope of the exception from the automatic stay for "collection of a domestic support obligation from property that is not property of the estate," as set forth in

11 U.S.C. § 362(b)(2)(B), or, in the alternative (ii) relief from the automatic stay to enforce these judgments other than against assets of the estate. Ronald opposes the motion in both respects. He first argues that the obligations in question, though labeled as alimony, are not in fact in the nature of alimony or support and therefore are not "domestic support obligations" as defined in 11 U.S.C. § 101(14A) and used in § 362(b)(2)(B); he therefore would have the court conclude that the enforcement of these judgments is not sheltered by the § 362(b)(2)(B) exception from the stay. With respect to whether relief from the automatic stay should nonetheless be granted to enforce these orders for cause, the cause being that the debt would appear to be excepted from discharge, if not by 11 U.S.C. § 523(a)(5) then by 11 U.S.C. § 523(a)(15) (excepting from discharge any debt to a former spouse incurred by the debtor in the course of a divorce or in connection with a divorce decree or separation agreement), the debtor maintains that these orders were not incurred in connection with their Separation Agreement and divorce judgment. The Modification Judgment is not a simple restructuring and extension of the payment obligation from the Separation Agreement; rather, he argues, it represents a wholly new obligation, essentially a loan from Roseanne to Ronald that has nothing to do with their earlier divorce and Separation Agreement. In fact, he alleges that the Modification Judgment was part of a larger business venture, mostly unrelated to the divorce.

In view of the documentary record adduced by the parties in conjunction with the motion and opposition,[1] the debtor's position as to the latter issue is wholly implausible. Section 523(a)(15) of the Bankruptcy Code excepts from discharge any debt to a former spouse that is not a domestic support obligation but that is otherwise "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15). If the obligations imposed by the

---

[1] The Court has held a hearing on the motion and received the documents adduced by the parties as exhibits to the motion and opposition but has not held an evidentiary hearing. In view of the documents produced and the arguments of the parties, no evidentiary hearing was necessary for resolution of the issues presented.

Modification Judgment are not domestic support obligations—in which case they would be excepted from discharge by 11 U.S.C. § 523(a)(5)—they may yet be excepted from discharge by § 523(a)(15) if they were incurred "in connection with a separation agreement [or] divorce decree." It appears that the Modification Judgment was entered in connection with the parties' Marital Separation Agreement. The parties' Modification Stipulation for Judgment, which was incorporated by reference into the Modification Judgment itself, and which Ronald himself signed, says as much. It begins:

> It is agreed by and between the parties [Roseanne as plaintiff and Ronald as defendant] that the order within the original Separation Agreement of April 13, 1989 requiring the husband pay the wife on or about April 13, 2004, shall be modified as follows:
>
> 1. Defendant has paid to the plaintiff wife the sum of One Hundred Thousand Dollars ($100,000).
>
> 2. The defendant will pay the balance of Two Hundred Fifty Thousand Dollars ($250,000) to the plaintiff on or before November 10, 2009.

Thus Roseanne and even Ronald himself understood the Modification Judgment to be a modification, restructuring, and extension of obligations in their Separation Agreement. In addition, the amounts in issue are plainly derived from the Separation Agreements requirement of a $350,000 payment. Therefore, both in substance and in the intent and understanding of both parties, the Modification Judgment represents an obligation incurred by the debtor in connection with their separation agreement.

Ronald argues that the Modification Agreement is a "loan," under which, in exchange for periodic payments of interest (the monthly payments of "alimony" required by the Modification Judgment), Roseanne agreed to an extension of time for repayment. The extension was designed to enable Ronald to complete a real estate development project that he hoped would result in a sale whose proceeds would fund the $250,000 still then owing on the $350,000 obligation. In the words of Ronald's counsel: the Modification Stipulation

> transferred the remaining balance of the Property Settlement [i.e.,

3

>     the $350,000 obligation] into a loan to the Debtor for the benefit of
>     the Project in consideration of this subordination [sic] the Debtor
>     agreed to pay interest on the loan and pay the balance of the two
>     hundred and fifty thousand ($250,000) on or before November
>     10th, 2009.

Ronald does not contend that this "loan" involved an advance of new funds by Roseanne. Still, he maintains that it changed the underlying character of the debt from one arising from the marital Separation Agreement into something else, a loan having no connection to the Separation Agreement within the scope and meaning of § 523(a)(15).

Ronald's characterization of the new obligation as a loan, as opposed to a mere extension of a preexisting obligation to pay, is wholly implausible. No new funds were advanced, and the Modification Stipulation plainly presents the new obligation as a modification of an obligation originating in the Separation Agreement. Moreover, even if the new obligation could fairly be deemed a loan, it still is a modification of an obligation contained in the Separation Agreement, and therefore, even as a loan, would constitute an obligation "incurred by the debtor . . . in connection with a separation agreement" within the meaning of § 523(a)(15). I conclude, for purposes of the present motion,[2] that the debt in question would be excepted from discharge, if not by § 523(a)(5) then at least by § 523(a)(15).

Ronald argued at the hearing that the debt cannot be excepted from discharge for another reason: the deadline for Roseanne to file a complaint to determine the dischargeability of the debt has passed, but Roseanne has filed no such complaint. The deadline to which ths argument refers was established by a stipulation between the parties. The stipulation, which the court approved, stated that as to Roseanne, "the deadline to file a complaint to determine the dischargeability of any debt to Roseanne Phillips is hereby extended until May 15, 2009."

The unstated premises of Ronald's argument are (1) that the deadline established by

---

[2] Under *Grella v. Salem Five Cents Savings Bank*, 42 F.3d 26 (1st Cir. 1994), the adjudication of a motion for relief is not a preclusive determination on the merits of the underlying substantive issues, such as the issues of dischargeability presented here.

4

this stipulation applied to any complaint to determine dischargeability, not only those that must be filed by a preexisting deadline, and (2) that the consequence of failure to file a complaint to determine the dischargeability of the debt by the deadline is that the debt is not excepted from discharge. Neither premise is warranted. First, the parties' stipulation expressly "extended" a deadline; it follows that the stipulation applied only to such complaints to determine dischargeability as were subject to a deadline. By operation of 11 U.S.C. § 523(c)(1) and FED. R. BANKR. P. 4007(C), complaints to determine dischargeability under subsections 523(a)(2), (a)(4), and (a)(6) are subject to a deadline, but no such deadline exists for complaints under § 523(a)(5) and (a)(15), the subsections at issue here.[3] Second, § 523(c)(1) dictates that the consequence of failure to timely file a complaint for dischargeability as to certain debts—those arising under subsections 523(a)(2), (a)(4), and (a)(6)—is that the debtor shall be discharged from a debt of that kind; but the Bankruptcy Code and Federal Rules of Bankruptcy Procedure make no similar provision for debts being challenged under other subsections of § 523(a). For both reasons, the failure of Roseanne to file a complaint by the extended deadline is not dispositive of the dischargeability of the debts in question under subsections (a)(5) and (a)(15).

Where the obligations in question would be excepted from any discharge that Ronald may receive in this case,[4] and Roseanne does not seek to enforce the orders in question against assets of the bankruptcy estate, no cause exists to delay her enforcement of the orders. Accordingly, the Court concludes that she has established cause for relief from the automatic stay, and a separate order will enter granting such relief. Having so concluded, the Court need

---

[3] Prior to its amendment in 2005, § 523(c)(1) included complaints under subsection (a)(15) among those for which a timely complaint was required. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") substantially rewrote subsection (a)(15) and also amended § 523(c)(1) to remove the requirement of a timely complaint for debts under (a)(15). The present case was commenced after the effective date of BAPCPA and therefore is governed by the Code as amended by that act.

[4] No discharge has entered to date because the deadline for certain creditors to object to discharge was extended to August 11, 2009.

5

not and does not address Roseanne's alternative request for a determination that her enforcement of the Probate Court orders is not subject to the stay.

Date: August 13, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge